[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff sues in three counts to recover out-of-pocket expenses of $1,375.40 incurred when the engine of his 1988-Ford automobile failed, necessitating extensive repairs including engine replacement. Except for some parts and certain miscellaneous work totalling $252.44, all of the charges for repair were covered under a warranty applicable to the vehicle. During the approximate three weeks that the car was under repair the plaintiff also incurred out-of-pocket rental expense for a substitute vehicle in the amount of $1,122.96.
The defendant is an automobile dealership located in Saybrook where it does business under the name Saybrook Ford, Inc. It is a Ford agency engaged in the sale, maintenance, and repair of automobiles.
The evidence reveals that the plaintiff, a resident of West Hartford, purchased the subject vehicle on June 10, 1988, when it was new, from a dealership in Winsted. Four times thereafter (July 27, 1988, July 11, 1989, June 15, 1990, and July 24, 1991) the plaintiff, who maintained summer residence in Old Saybrook, brought his vehicle to the defendant for service and maintenance. The work done in 1989, 1990, and 1991 was at approximately 15,000-mile intervals. There is no evidence of maintenance work of any kind performed on the vehicle during the same period by any other agency.
When the plaintiff experienced problems with the car during the latter part of 1991, it was inspected by Motor Cars, Inc., which determined that bearing failure was present, allegedly the result of neglect over a long period to change the engine oil and replace its oil filter. The oil which was present was described as dirty and the equivalent of gelled sludge. The defendant, while not disputing the extensive repairs required by virtue of the engine damage, denies liability therefor.
It is the plaintiff's position that the defendant's negligence and failure to meet its contractual obligations CT Page 5576 were the cause of the engine damage and his resultant losses. Additionally, the plaintiff alleges that the defendant was guilty of unfair trade practice pursuant to statute.
In resolving the issue of causation the court assigns credence to the testimony of Raymond Maher, the defendant's service manager. Mr. Maher testified to twenty-two years of auto service experience and his participation in a multitude of Ford training courses over the same period. In his view the engine damage was caused by a piston slap which would have had no relationship to oil or filter neglect. In fact, the defendant during maintenance performed in June 1990 had changed the engine oil and replaced the oil filter. Had a change of oil and filter replacement been indicated when the vehicle was next seen by the defendant in 1991, it was Maher's testimony that such routine maintenance would have been performed. No indication of such need was present.
Maher further opined that, had the engine damage occurred in the manner described by plaintiff's expert, a new crank shaft would have been necessary and included among the repairs made. It was not, suggesting that bearing failure was not a cause of the plaintiff's damages.
Additionally, the evidence discloses that not only was the vehicle driven another 5,000 miles after it was last inspected by the defendant and before engine trouble developed, but that there had been a continuing history of noncompliance by the plaintiff with auto manual recommendations for periodic oil change. In such context, whether the defendant was at fault under any theory advanced is highly questionable.
It is almost axiomatic that the burden of proof, whether his complaint sounds in negligence or contract, is upon the plaintiff to establish that the defendant's conduct was a legal cause of the plaintiff's losses and damages. Doe v. Manheimer, 212 Conn. 748, 757 (1989); West Haven Sound Development Corporation v. West Haven, 201 Conn. 305, 319-320
(1986). The court is unpersuaded that the plaintiff has sustained his burden.
In a third count of his complaint the plaintiff charges the defendant with what the court interprets as a violation of Connecticut's Unfair Trade Practices Act. Chap. 735a, Conn. Gen. Stat. The pertinent statute provides that CT Page 5577 "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Sec. 42-110b(a), Conn. Gen. Stat. An unfair trade practice is one which (1) offends public policy as it has been established by statutes, the common law, or otherwise; (2) is immoral, unethical, oppressive, or unscrupulous; or (3) causes substantial injury to consumers. A-G Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200, 215
(1990). Obviously, not every consumer injury is legally unfair. Id. 216.
As hereinbefore stated, the court is unpersuaded that the defendant's negligence or breach of its contractual obligations, as claimed, was a proximate cause of the plaintiff's damages; but, even if such conduct were proven, it did not, as shown by the evidence, rise to the level of immoral, unethical, oppressive, or unscrupulous trade practice which would bring the complaint within the purview of the Act. What the plaintiff claims to have proven is, at best, and affording him every benefit of doubt, a simple and unintentional breach of contract without aggravating circumstances. This does not amount to an unfair trade practice as defined. Emlee Equipment Leasing Corporation v. Waterbury Transmission, Inc.,41 Conn. Sup. 575, 580 (1991).
Judgment may enter for the defendant.
GAFFNEY, J.
Judgment Entered in Accordance with Foregoing Memorandum of Decision.
______________________________________ Michael Kokosszka, Chief Clerk